United States District Court
Southern District of Texas
**ENTERED**
May 05, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

HERCULANO MARTINEZ-DUQUE, §
§
　　　　Petitioner, §
§
v. § CIVIL ACTION NO. H-17-0594
§ (Criminal No. H-14-629-01)
UNITED STATES OF AMERICA, §
§
　　　　Respondent. §

## MEMORANDUM OPINION AND ORDER

Petitioner, Herculano Martinez-Duque, has filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("§ 2255 Motion") (Docket Entry No. 45).[1] The United States has filed a Response to Motion for Relief Under 28 U.S.C. § 2255 and Motion for Summary Judgment (Docket Entry No. 51).

On January 30, 2015, petitioner pleaded guilty to illegal reentry by a previously deported alien after a felony conviction in violation of 8 U.S.C. §§ 1326(a) and (b)(2); and on April 16, 2015, petitioner was sentenced within the advisory Sentencing Guideline range to 57 months in prison and three years of supervised release (Judgment in a Criminal Case, Docket Entry No. 27). On January 6, 2016, petitioner's sentence was affirmed on appeal (Judgment, United States Court of Appeals, Docket Entry No. 37).

---

[1]All docket entry references are to Criminal No. H-14-629.

In his § 2255 Motion petitioner alleges that his trial counsel provided ineffective assistance by promising petitioner that he would receive a sentence of 36 months in custody if he pleaded guilty and that the government engaged in misconduct by falsely stating that petitioner would be sentenced to 36 months in custody if he pleaded guilty.

At his Rearraignment on January 30, 2015, the following colloquy occurred between the court and petitioner.

| | |
|---|---|
| THE COURT: | Would you state your name, sir? |
| MARTINEZ-DUQUE: | Herculano Martinez-Duque. |
| THE COURT: | I understand you wish to plead guilty to the charge of illegal re-entry after deportation in violation of Title 8, United States Code, Section 1326(a) and (b). Is that correct? |
| MARTINEZ-DUQUE: | Yes, sir. |
| . . . | |
| THE CLERK: | Do you solemnly swear that the testimony that you're about to give in the case now before the court shall be the truth, the whole truth, and nothing but the truth so help you God? |
| . . . | |
| MARTINEZ-DUQUE: | Yes. |
| THE COURT: | Now, both of you will please listen carefully. Before I can accept your guilty pleas, I must ask each of you a number of questions. It is very important that you listen carefully to all of my questions, and that you answer all of my questions truthfully and completely, for several reasons. |

|                  | First, since you are now under oath, if you give an untrue answer to a question, you could be charged with a separate crime of perjury. |
|---|---|
|                  | Do each of you understand that? |
| MARTINEZ-DUQUE:  | Yes, sir. |

. . .

| THE COURT:       | Also, before I can accept your guilty plea, I must make a number of findings. My findings are based on your answers to my questions. In order for my findings to be correct, it is therefore necessary that all of your answers to my questions be truthful, and complete. |
|---|---|
|                  | Mr. Martinez, do you understand that? |
| MARTINEZ-DUQUE:  | Yes, sir. |

. . .

| THE COURT:       | Will each of you agree with me this morning that if you do not understand anything that I say, you will stop and ask me to repeat or explain whatever you do not understand? |
|---|---|
|                  | Mr. Martinez, will you agree to do that? |
| MARTINEZ-DUQUE:  | Yes, sir. |

. . .

| THE COURT:       | Also each of you may stop at any time and speak with your attorney. You do not need anyone's permission to speak with your attorney. |
|---|---|

. . .

| THE COURT:       | How many times have you spoken with your attorney about this case? |
|---|---|
| MARTINEZ-DUQUE:  | Twice. |

| | |
|---|---|
| THE COURT: | Has your attorney discussed with you the charge against you and what the government would have to prove to establish your guilt? |
| MARTINEZ-DUQUE: | Yes. |
| THE COURT: | Has your attorney reviewed with you the evidence that the government has against you? |
| MARTINEZ-DUQUE: | Yes. |
| THE COURT: | Has she discussed with you how the Federal Advisory Sentencing Guidelines might apply in your case? |
| MARTINEZ-DUQUE: | Yes. |
| THE COURT: | Has your attorney explained to you that you will be deported after you have served your sentence? |
| MARTINEZ-DUQUE: | Yes, sir. |
| THE COURT: | Has your attorney answered all of your questions? |
| MARTINEZ-DUQUE: | Yes. Yes. |
| THE COURT: | Has she done everything that you have asked her to do? |
| MARTINEZ-DUQUE: | Yes, sir. |
| THE COURT: | Are you fully satisfied with the advice and counsel that your attorney has provided you? |
| MARTINEZ-DUQUE: | Yes, sir. |
| . . . | |
| THE COURT: | The offenses that you're pleading guilty to are felonies. That means each of you will be deported after you have served your sentence. If you plead guilty, each of you faces a maximum sentence of 20 years in prison, and a fine of $250,000, and three years of supervised release, and a $100 special assessment. |

-4-

|  | Mr. Martinez, do you understand that? |
|---|---|
| MARTINEZ-DUQUE: | Yes, sir. |

. . .

| THE COURT: | . . . No determination has been made about what either of your sentences will be. If I accept your guilty pleas, a probation officer will interview each of you, investigate the facts of the case, and prepare a presentence investigation report. |
|---|---|

Your attorney will read the report to you in Spanish before your sentencing. You or the government may file objections to the presentence report. At the time of your sentencing, I will rule on any objections to the report, and I will then determine your advisory guideline range and your sentence.

What each of you needs to understand today is that this process of determining your sentence has not yet begun. That means no one knows that advisory guideline range the probation officer will recommend, or what advisory guideline range I will find to be applicable, or what sentence I will impose.

Mr. Martinez, do you understand that?

| MARTINEZ-DUQUE: | Yes, sir. |
|---|---|

. . .

| THE COURT: | If the sentence that I impose is greater than the sentence that you now expect or greater than the sentence that your attorney, or anyone else may have predicted, you will be bound by your guilty plea today regardless of your sentence. |
|---|---|

You will not be allowed to change your mind and withdraw your guilty plea because you are not satisfied with your sentence.
Mr. Martinez, do you understand that?

| MARTINEZ-DUQUE: | Yes, sir. |
|---|---|

. . .

THE COURT: . . . Mr. Martinez, do you have any plea agreement with the United States Government in connection with your plea?

MARTINEZ-DUQUE: No.

THE COURT: Has the United States government made any promises to you in connection with your guilty plea?

MARTINEZ-DUQUE: No.

THE COURT: Has anyone threatened you, or forced you to plead guilty?

MARTINEZ-DUQUE: No.

THE COURT: Has anyone promised you what sentence you will receive if you plead guilty?

MARTINEZ-DUQUE: No.

. . .

THE COURT: How do you plead to the offense charged against you, guilty or not guilty?

MARTINEZ-DUQUE: Guilty.

THE COURT: Counsel, do you believe that any other advice of rights is required before I can accept your client's plea?

MS. DOUENAT: No, Your Honor.

. . .

THE COURT: It is the finding of the court in the United States versus Martinez-Duque . . . that each defendant is fully competent and capable of entering an informed plea, and that each defendant's plea of guilty is a knowing and voluntary plea supported by an independent basis in fact establishing each of the essential elements of the offense.

Transcript of January 30, 2015, Re-arraignment, Docket Entry No. 33, p. 3 lines 12-19, p. 4 lines 10-15 & 17 to p. 6 line 1, p. 7 line 11 to p. 8 line 12, p. 11 line 23 to p. 12 line 5, p. 12 line 18 to p. 13 line 11, p. 13 lines 15-24, p. 14 lines 12-25, p. 16 line 20 to p. 17 line 1, and p. 20 lines 7-13.

The sworn testimony of petitioner directly contradicts the claims in his § 2255 Motion. Moreover, at his sentencing on April 16, 2015, petitioner made no mention of any promise of a 36-month sentence made by his own counsel or by counsel for the government; nor did he express any surprise at being sentenced to 57 months in custody. See Transcript of April 16, 2015, Sentencing, Docket Entry No. 31, p. 2 line 10 to p. 4 line 6. Because the record directly contradicts petitioner's claims, he has failed to show that his trial counsel was ineffective or that trial counsel's representation prejudiced petitioner. Likewise, the record establishes that counsel for the United States made no promises to petitioner.

For the reasons stated above the Motion for Summary Judgment of the United States (Docket Entry No. 51) is **GRANTED**; and Martinez-Duque's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody (Docket Entry No. 45) is **DISMISSED WITH PREJUDICE**.

The Clerk of Court is **ORDERED** to provide a copy of this Memorandum Opinion and Order to Herculano Martinez-Duque and to the

United States Attorney for the Southern District of Texas, and to file a copy of this Memorandum Opinion and Order in the corresponding civil action.

**SIGNED** at Houston, Texas, on this the 5th day of May, 2017.

                                    SIM LAKE
                     UNITED STATES DISTRICT JUDGE